IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02442-BNB

CURTIS ALLGIER, named as CURTIS ALGIER,

Applicant,

v.

SHERIFF JAMES M. WINDER,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 8 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Curtis Allgier, named as Curtis Algier, is a prisoner incarcerated at the Salt Lake County Correctional Facility in South Salt Lake City, Utah. He apparently initiated this action by submitting *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.

In an order filed on November 10, 2008, Magistrate Boyd N. Boland ordered Mr. Allgier to cure a deficiency in this case within thirty days. Specifically, Mr. Allgier was directed to submit a certified copy of his trust fund account statement. On November 18, 2008, the clerk of the Court remailed the November 10 order to Mr. Allgier using the proper address.

On November 26, 2008, in response to the November 10, 2008, order to cure, Mr. Allgier submitted two letters informing the Court that he did not initiate the instant action, and alleging that an inmate at the Salt Lake County Metro Jail, named Matthew

Sund, initiated the instant action in Applicant's name, apparently misspelling his surname. In any case, Mr. Allgier has failed within the time allowed to cure the designated deficiency as directed, i.e., he has failed either to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing or to pay the $5.00 filing fee.

Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts requires a "certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution." The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 also notes the requirement for a certified copy of an inmate's trust fund account statement. Rule 1(b) of the Section 2254 Cases applies the rules to 28 U.S.C. § 2241 habeas corpus applications. The November 10, 2008, order warned Mr. Allgier that if he failed to cure the designated deficiencies within the time allowed, the application and the action would be dismissed without further notice. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to cure. It is

FURTHER ORDERED that the motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 is denied as moot.

DATED at Denver, Colorado, this 17 day of December, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02442-BNB

Curtis Allgier
3415 South 900 West
South Salt Lake City, UT 84119

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/18/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk